IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VISION-PARK PROPERTIES and
VISION BANK,

      Appellants,

v.                                    CASE NO. 3:12-cv-511-MW/EMT

SEASIDE ENGINEERING &
SURVEYING, INC.,

      Appellee.
_____/

## ORDER DENYING MOTION FOR CERTIFICATION

      Assuming arguendo that Seaside Engineering & Surveying, Inc.'s ("Seaside") Motion for Certification is timely and properly before this Court, this Court chooses not to exercise its discretion to certify its Order Denying Motion to Dismiss, ECF No. 52, for interlocutory appeal. This Court does not find Seaside's arguments to be well taken. Accordingly, the motion is **DENIED**.

      In the decision of *In re Lett*, 632 F.3d 1216 (11th Cir. 2011), the Eleventh Circuit stated that "even if substantial consummation has occurred, a court must still consider all the circumstances of the case to decide whether it can grant effective relief." *Id.* at 1225 (quoting *In re club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992)). Having recognized the inquiry does not end with substantial

1

consummation but further inquiry is required, the Eleventh Circuit unambiguously stated that "[t]he party asserting [equitable] mootness bears the burden of persuasion." *Id.* at 1226. That is, the Eleventh Circuit set forth the burden of persuasion in the context of a court considering all the circumstances of the case when substantial consummation has occurred. It is important to note that the Eleventh Circuit could have easily adopted the shifting burden standard, referenced by Seaside, wherein a presumption of mootness is created once substantial consummation is proven. When *In re Lett* issued in 2011, the Eleventh Circuit was clearly aware that some circuits had adopted the shifting burden standard but the Eleventh Circuit chose not to do so.

Further, this Court finds Seaside's request for this Court to certify the "*Winn Dixie*" analysis to the Eleventh Circuit for formal adoption by that Court as the law of this Circuit to be equally unavailing. In light of several published Eleventh Circuit opinions addressing the standard for mootness, *see In re Lett*, 632 F.3d 1216 (11th Cir. 2011); *In re Club Assocs.*, 956 F.2d 1065 (11th Cir. 1992); *Miami Center Partnership v. Bank of New York*, 838 F.2d 1547 (11th Cir. 1988), this Court does not certify that the analysis set forth in an unpublished opinion, *In re Winn-Dixie Stores, Inc.*, 286 Fed. Appx. 619 (11th Cir. 2008), somehow creates confusion regarding the appropriate standard. This is especially true where this Court finds that the aggregate analysis contained in *In re Winn-Dixie* is not

2

inconsistent with Eleventh Circuit precedent. For these reasons, the motion is **DENIED**.

**SO ORDERED on January 21, 2014.**

**s/Mark E. Walker**
**United States District Judge**
